IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**DEBRA MAYS JACKSON**                                                                                          **PLAINTIFF**

**v.**                                                                   **CAUSE NO. 3:23-cv-03095-KHJ-MTP**

**TOM DUFF, IN HIS INDIVIDUAL AND
OFFICIAL CAPACITIES, STEVEN
CUNNINGHAM, IN HIS INDIVIDUAL AND
OFFICIAL CAPACITIES, BRUCE MARTIN, IN
HIS INDIVIDUAL AND OFFICIAL CAPACITIES,
JEANNE CARTER, IN HER INDIVIDUAL AND
OFFICIAL CAPACITIES, GEE OGLETREE, IN HIS
INDIVIDUAL AND OFFICIAL CAPACITIES,
HAL PARKER, IN HIS INDIVIDUAL AND
OFFICIAL CAPACITIES, J. WATT STARR, IN HIS
INDIVIDUAL AND OFFICIAL CAPACITIES,
ALFRED MCNAIR, IN HIS INDIVIDUAL AND
OFFICIAL CAPACITIES, GLENN
MCCOLLOUGH, IN HIS INDIVIDUAL AND
OFFICIAL CAPACITIES, SHANE HOOPER, IN
HIS INDIVIDUAL AND OFFICIAL CAPACITIES,
FORD DYE, IN HIS INDIVIDUAL AND
OFFICIAL CAPACITIES, ALFRED RANKINS JR.,
IN HIS INDIVIDUAL AND OFFICIAL
CAPACITIES, MISSISSIPPI INSTITUTION OF
HIGHER LEARNING, AND JOHN DOES 1-12**                                                **DEFENDANTS**

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PURSUANT TO
FED. R. CIV. P. 12(B)(1) AND 12(B)(6) FILED BY MISSISSIPPI BOARD
OF TRUSTEES OF STATE INSTITUTIONS OF HIGHER LEARNING
AND INDIVIDUALLY NAMED DEFENDANTS IN THEIR OFFICIAL CAPACITIES**

Defendants Mississippi Board of Trustees of State Institutions of Higher Learning

("IHL"), incorrectly named as Mississippi Institution of Higher Learning, along with

defendants Tom Duff, Steven Cunningham, Bruce Martin, Jeanne Carter Luckey[1], Chip

---

[1] Jeanne Carter Luckey is misnamed as Jeanne Carter in the Complaint.

1

Morgan, Gee Ogletree[2], Hal Parker, J. Walt Starr[3], Alfred McNair, Glenn McCullough[4], Shane Hooper, and Ford Dye, all in their *official* capacities as members or alleged members of the IHL Board (collectively referred to herein as the "Board Members"), and Alfred Rankins, Jr. in his *official* capacity as Commissioner (the "Commissioner"), file their Memorandum in Support of their Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).[5]  For the reasons that follow, plaintiff Debra Mays Jackson's ("Mays Jackson") claims against IHL, the Board Members, and the Commissioner (together, the "State Defendants") should be dismissed.

# I.
# BACKGROUND

**A.   DEBRA MAYS JACKSON**

Mays Jackson is a female who, during the time at issue in this action, was employed by Jackson State University ("JSU") as its Vice President and Chief of Staff.  Compl. at ¶¶ 19 [dkt. #9].[6]

**B.   THE STATE DEFENDANTS**

Defendant IHL was created by the Mississippi constitution to oversee Mississippi's state colleges and universities, including JSU. *Bd. of Trustees of State Institutions of Higher*

---

[2] Gee Ogletree is misnamed as Gee Olgetree in the Complaint.

[3] J. Walt Starr is misnamed as J. Watt Starr in the Complaint.

[4] Glenn McCullough is misnamed as Glenn McCollough in the Complaint.

[5] The named individuals have been sued in both their official and unofficial capacities. The undersigned represents these parties in their official capacities only; these individuals have separate counsel representing them in their individual capacities.  A separate motion is expected to be filed by said counsel as to any claims against them in their individual capacities.

[6] Mays Jackson has amended her complaint twice.  Although the current operative complaint is technically her second amended complaint, it is titled "Complaint." All references to the Complaint herein, therefore, are to that current operative complaint, which was filed on February 15, 2024, and assigned document number 9.

*Learning v. Ray*, 809 So.2d 627, 630 (Miss.2002); Miss. Const. Art. 8 § 213-A; see also *Jackson HMA, LLC v. Miss. State Dept. of Health*, 98 So.3d 980, 981 (Miss.2012) (IHL is a constitutionally created body vested with "management and control" over Mississippi's institutions of higher learning); *Washington v. Jackson State Univ.*, 532 F.Supp.2d 804, 814 (S.D.Miss.2006) (JSU is a public university created by statute and placed under the auspices of IHL) (citing Miss. Code Ann. § 37-125-1 et seq. & § 37-101-1). By legislative enactment, IHL has been given wide latitude and discretion in decisions concerning its management and control of the universities and colleges "in areas of finance allocation, physical facilities, degree programs and policy, admission standards, employment and student problems." *Bd. of Trustees of State Institutions of Higher Learning v. Miss. Publishers Corp.*, 478 So.2d 269, 273-74 (Miss. 1985) (citing Miss. Code Ann. § 37-101-1 through 15).

Defendants Tom Duff, Steven Cunningham, Bruce Martin, Jeanne Carter, Chip Morgan, Gee Ogletree, Hal Parker, J. Walt Starr, Alfred McNair, Shane Hooper, and Ford Dye are or were individual IHL board members.

**C.     MAYS JACKSON'S COMPLAINTS**

In her Complaint, Mays Jackson alleges that IHL and its board members discriminated against her on the basis of her sex by naming Thomas K. Hudson ("Hudson"), a male, as President of JSU without first conducting a national search, and then later naming Marcus Thompson ("Thompson"), a male, as President of JSU following Hudson's resignation. Compl. at ¶¶ 49-50, 55. Although Mays Jackson generally fails to specify which individually named defendants participated in either of the votes at issue, it is particularly notable that defendant Glenn McCullough was not an IHL Board Member at

3

the time of either of these votes.[7]  *See* Ex. 1, November 2020 IHL Board Meeting Minutes at pp. 1, 35; Ex. 2, Nov. 2023 IHL Board Meeting Minutes at 1, 28.[8]

Hudson became JSU's Interim President following the resignation of William Bynum ("Bynum") during February 2020.  Compl. at ¶¶ 19, 25-26.  Mays Jackson is aggrieved with not being chosen for the interim role and she further alleges that, even though it was previously claimed a national search would be conducted to fill the position permanently, it was later announced that Hudson would be named JSU's President in a permanent capacity.  Compl. at ¶¶ 25-26.  Mays Jackson claims that she was not afforded an opportunity to apply for the position despite being more qualified than Hudson. Compl. at ¶ 27.  Hudson was later placed on administrative leave, and a permanent separation of employment followed.  Compl. at ¶¶ 41, 45.  Mays Jackson claims that, even though she applied for the position after Hudson's departure, her efforts were "sabotaged," and she was not granted an interview.  Compl. at ¶ 45.  Thompson was thereafter named JSU President.  Compl. at ¶ 50.

Mays Jackson filed this action on November 16, 2023.  She amended her complaint one day later, on November 17, 2023, and then again on February 15, 2024.  Through 42 U.S.C. § 1983, Mays Jackson is asserting a claim for sex discrimination in violation of the Fourteenth Amendment.[9]  Compl. at ¶¶ 1, 54-56, 58.  This is the only claim Mays Jackson

---

[7] In fact, Glenn McCullough has never actually served as a Board Member for IHL.  *See* https://www.wapt.com/article/mccullough-named-director-of-mda/2093473.

[8] Because IHL Board Meeting Minutes are public records, the Court can take judicial notice of the same without converting this motion to one for summary judgment.  *See Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007).

[9] The State Defendants assume that Mays Jackson is claiming a violation of the Equal Protection Clause of the Fourteenth Amendment.  However, nowhere in her Complaint does she specifically reference the

makes in this action. Her claim fails and must be dismissed as to the State Defendants for the following reasons, among others set forth below:

- The immunity protections provided by the Eleventh Amendment require dismissal of Mays Jackson's claims against the State Defendants.

- IHL is not a "person" under Section 1983 and, therefore, is not amenable to suit for the only claim Mays Jackson asserts.

- To the extent that Mays Jackson relies on allegations occurring prior to November 16, 2020, including Hudson's appointment to the interim president position, her claim is barred by the applicable statute of limitations.

## II.
## TIMELINESS OF MOTION

Local Uniform Civil Rule 16(b)(3)(A) provides that "a motion asserting an immunity defense or a jurisdictional defense must be raised by a separate motion as expeditiously as practicable after service of process." This motion is being filed on or before the deadline for answering the Complaint and before any substantive on-the-record activity as occurred. Thus, the assertion of immunity defenses herein is timely.

## III.
## STANDARD FOR GRANTING
## MOTION TO DISMISS

A motion to dismiss based upon Federal Rule of Civil Procedure 12(b)(1) is a challenge to the Court's subject matter jurisdiction, with the plaintiff bearing the burden of proving that jurisdiction does exist. *Arena v. Graybar Elec. Co.*, 669 F.3d 214, 223 (5th Cir. 2012). The Court, in its disposition of a Rule 12(b)(1) motion to dismiss, "can consider: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's

---

Equal Protection Clause, nor does she otherwise specifically identify the underlying constitutional or statutory violation on which her discrimination claims are based.

5

resolution of disputed facts." *Tsolmon v. U.S.*, 841 F.3d 378, 382 (5th Cir. 2016) (quoting *Ramming v. U.S.*, 281 F.3d 158, 161 (5th Cir. 2001)). Where, as here, Rule 12(b)(1) grounds for dismissal are presented alongside Rule 12(b)(6) grounds, the Court should consider the Rule 12(b)(1) grounds first. *See Ramming*, 281 F.3d at 161.

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure may be granted if "no relief could be granted under any set of facts that could be proved consistent with the allegations." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 74 (1984)). To survive a motion to dismiss, a plaintiff's factual allegations must rise to a level higher than that of speculation, such that the facts in the complaint, if accepted as true, state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Facial plausibility exists where the facts in the complaint permit a "court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 129 U.S. at 678. Thus, if the Court is unable to infer more than a mere possibility of misconduct, a motion to dismiss should be granted. *Id.* at 679.

## IV.
## ALL CLAIMS AGAINST THE STATE DEFENDANTS SHOULD BE DISMISSED

A.   ELEVENTH AMENDMENT IMMUNITY REQUIRES DISMISSAL OF MAYS JACKSON'S CLAIMS AGAINST THE STATE DEFENDANTS

   1.   Eleventh Amendment Immunity Applies.

The State Defendants are immune from Mays Jackson's Section 1983 claims under the Eleventh Amendment. The Eleventh Amendment provides that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced

6

or prosecuted against one of the United States by Citizens of another State, or by Citizens of Subjects of a Foreign State." U.S. Const. Amend. XI. It is an assurance that "non-consenting states may not be sued by private individuals in federal court." *Bd. of Trs. Of the Univ. of Ala. v. Garrett*, 532 U.S. 356, 363 (2001). This immunity encompasses "suits by citizens against their own states" and extends to a state agency, department, or entity deemed an arm or alter ego of the state. *Id.* at 363; *Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 326 (5th Cir. 2002); *Williams v. Dallas Area Rapid Transit*, 242 F.3d 315, 318 (5th Cir. 2001).

It is well settled that IHL is an arm of the state, that it has retained its sovereign immunity against federal court claims, and that, as a result, it is entitled to Eleventh Amendment immunity unless an exception applies. *See* Miss. Code Ann. § 37-113-3; *Jagandan v. Giles*, 538 F.2d 1166, 1173-78 (5th Cir. 1976) (a suit against IHL is a suit against the state, as any recovery would come from the state); *see also Doe v. Univ. of Miss.*, 361 F. Supp. 3d 597, 604 (S.D. Miss. 2019). The Supreme Court further recognizes that when a state official is sued in his or her official capacity, the real party in interest is the governmental entity, not the named official. *Hafer v. Melo*, 502 U.S. 21, 25 (1991). In their official capacities, the Board Members and Commissioner are entitled to the same immunity protections as IHL.

    2.    <u>No Exception to Eleventh Amendment Immunity Applies.</u>

        a.    *Congress Has Not Abrogated the State's Eleventh Amendment Immunity.*

One possible exception to Eleventh Amendment immunity is through congressional abrogation. Congress, through a valid exercise of power, must unequivocally express intent to abrogate a state's Eleventh Amendment immunity. *Seminole Tribe of Fla. v. Fla.*, 517 U.S. 44, 55 (1996) (quoting *Green v. Mansour*, 474 U.S. 64, 68 (1985)). Congress did not

explicitly indicate intent to abrogate the state's Eleventh Amendment immunity under 42 U.S.C. § 1983. *Hines v. Miss. Dept. of Corrections*, No. 00-60143, 2000 WL 1741624, at *3 (5th Cir. Nov. 14, 2000); *see also Dear v. Jackson State Univ.*, 2008 WL 4225766, at *3 (S.D. Miss. Sept. 10, 2008) (finding proposed amendment to complaint to include First Amendment claim under 42 U.S.C. § 1983 against Jackson State University would be futile because "the Eleventh Amendment bars suit against a state or 'state entity . . ., regardless of whether money damages or injunctive relief is sought' and section 1983 does not override the Eleventh Amendment.").

Abrogation, therefore, is not an exception to the application of Eleventh Amendment immunity to Mays Jackson's Section 1983 claim asserted against the State Defendants.

        b.      *The State Has Not Waived Eleventh Amendment Immunity.*

A state may also waive the immunity afforded to it by the Eleventh Amendment. Any such waiver, however, must be "unequivocally expressed." *Bryant v. Military Dept. of State of Miss. ex rel. Miss. Air Nat. Guard*, 381 F. Supp. 2d 586, 591 (S.D. Miss. 2005) (quoting *Martinez v. Tex. Dept. of Criminal Justice*, 300 F.3d 567, 573 (5th Cir. 2002)). The state has not waived its Eleventh Amendment protections, through statutes or otherwise. *Brown v. Lee*, 2021 WL 1557410, at *4 (S.D. Miss. March 29, 2021) ("§ . . . 1983 . . . do[es] not abrogate Eleventh Amendment immunity, and the state of Mississippi has not waived it."). In fact, the Mississippi Tort Claims Act expressly preserves the state's sovereign immunity guaranteed by the Eleventh Amendment. Miss. Code Ann. § 11-46-5(4); *McGarry v. Univ. of Miss. Medical Center*, 355 Fed. App'x 853, 856 (5th Cir. 2009).

8

     *c.*  *The Ex Parte Young Doctrine Does Not Apply.*

  The final possible exception to Eleventh Amendment immunity is through the *Ex Parte Young* doctrine. This exception allows a plaintiff to "sue a state official in his official capacity if the suit seeks prospective relief to redress an ongoing violation of federal law." *Williams on Behalf of J.E. v. Reeves*, 954 F.3d 729, 736 (5th Cir. 2020). That is, a lawsuit against a state official in his official capacity may proceed so long as the said official is being asked "to do nothing more than refrain from violating federal law." *Id.* If this exception is to apply, the lawsuit "must be brought against individual persons in their official capacities as agents of the state and the relief sought must be declaratory or injunctive in nature and prospective in effect." *Cantu Services, Inc. v. Roberie*, 535 Fed. App'x 342, 344 (5th Cir. 2013) (citing *Saltz v. Tenn. Dep't of Emp't Sec.*, 976 F.2d 966, 968 (5th Cir. 1992)). Moreover, the relief requested must be to remedy an "ongoing violation of federal law" rather than a discrete past event. *Cantu*, 535 Fed. App'x at 344-45 (internal citations omitted). Monetary relief is only appropriate when it is ancillary to properly requested injunctive relief; any monetary relief that serves to compensate a plaintiff for a past action is barred. *Id. at 344.*

  The *Ex Parte Young* doctrine cannot apply to claims against IHL; it could only apply, if at all, to claims against the Board Members and Commissioner as state officials. Mays Jackson asks the Court to award her "prospective relief of instatement to the position of President and compensatory damages." Compl. at ¶ 58(a). That is, the only injunctive relief Mays Jackson requests is to have IHL remove JSU's current President and instate Mays Jackson as the JSU President instead. The Supreme Court, however, "has cautioned against the use of a remedy that 'bumps' one employee from a position in order to fill it with the [alleged] victim of discrimination." *Walsdorf v. Board of Com'rs for the East Jefferson*

9

*Levee Dist.*, 857 F.2d 1047, 1054 (5th Cir. 1988) (citing *Firefighters v. Stotts*, 467 U.S. 561, 579 (1983)). Indeed, the Fifth Circuit Court of Appeals has indicated its agreement that such a request is not within the Court's power to grant. *See Huang v. Huang*, 846 Fed. App'x 224, 231 (5th Cir. 2021) (affirming dismissal decision of U.S. District Court for Western District of Texas, and noting District Court's finding that requested injunctive relief, which included promotion by defendant employer, to be "outside what [the c]ourt can order").

Moreover, Mays Jackson does not allege an ongoing violation of federal law. An alleged failure to hire is considered a discrete act, even when a plaintiff alleges a pattern and practice of failing to hire from a protected class. *Frank v. Xerox Corp.*, 347 F.3d 130, 134-36 (5th Cir. 2003); *Equal Employment Opportunity Commission v. U.S.F. Holland, LLC*, Civil Action No. 3:20-cv-270-NBB-RP, 2021 WL 4497490, at *2 (N.D. Miss. Sept. 30, 2021) (citing *Frank*, 347 F.3d at 136 (5th Cir. 2003)). Because application of *Ex Parte Young* requires the allegation at issue to be an ongoing violation rather than a discrete event, this exception to immunity does not extend to Mays Jackson's allegations in this case. *See Cantu*, 535 Fed. App'x at 344-45.

Because Mays Jackson does not allege an ongoing violation of federal law and does not seek any viable claim for prospective injunctive relief as to the Board Members or Commissioner, the *Ex Parte Young* doctrine cannot apply to them. All the State Defendants, therefore, remain immune to Mays Jackson's claim under the Eleventh Amendment.

**B. MAYS JACKSON'S SECTION 1983 CLAIM AGAINST IHL ALSO FAILS BECAUSE IHL IS NOT A "PERSON"**

Section 1983 creates a cause of action against "persons," and IHL is not a person. In *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989), for example, the Supreme

10

Court held that states are not "persons" under Section 1983 and thus not amenable to suit under that statute. Because IHL is an "arm of the state" and not a "person" under Section 1983, Mays Jackson's Section 1983 claim against it must be dismissed for this additional reason. *Jagandan*, 538 F.2d at 1173-78.

C. **A PORTION OF MAYS JACKSON'S CLAIM IS BARRED BY THE APPLICABLE STATUTE OF LIMITATIONS**

For Section 1983 claims, the Court applies the forum state's statute of limitations for personal injury claims. *Smith v. Regional Transit Authority*, 827 F.3d 412, 421 (5th Cir. 2016). The applicable statute of limitations in this case is Mississippi's general limitations period of three years. Miss. Code Ann. § 15-1-49(1); *see also Dukes v. City of Lumberton*, Civil Action No. 2:17-CV-150-KS-MTP, 2017 WL 6373982, at *1 (S.D. Miss. Dec. 13, 2017). Mays Jackson, therefore, must have initiated this action within three years after her cause of action accrued or, rather, when she knew or had reason to know of her alleged injury. *Smith*, 827 F.3d at 421; *Dukes*, Civil Action No. 2:17-CV-150-KS-MTP, 2017 WL 6373982, at *1.

Mays Jackson filed her first complaint on November 16, 2023. Any alleged acts of discrimination that are said to have occurred before November 16, 2020, therefore, cannot form the basis for her Section 1983 claim. One of Mays Jackson's grievances is that Hudson was appointed as Interim President after Bynum's resignation on February 10, 2020. Compl. at ¶¶ 19-22, 49. To the extent Mays Jackson intends for her claim to extend back as far as Hudson being named Interim President of JSU, that portion of her claim is time-barred.[10]

---

[10] Mays Jackson does not specifically reference Hudson's appointment as Interim President in the section of her Complaint where she describes her "1983 Sex Discrimination" cause of action. *See* Compl. at ¶¶ 54-56. However, because she "realleges all prior paragraphs of the Complaint" (¶ 54), and her prior

11

### D.      MAYS JACKSON CANNOT RELY ON CONCLUSORY PLEADINGS

Federal Rule of Civil Procedure 8 requires a plaintiff to make "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8.  In attempting to state her claims, Mays Jackson fails this requirement by relying upon nothing more than conclusory statements and vague assertions of largely immaterial facts.

Among other failings, Mays Jackson fails, in many instances, to even specify who her particular claims are against. For example, she attempts to aggregate the defendants by using phrases such as "when it is alleged that Commissioner Rankins, IHL, IHL Board members in their official and individual capacities, committed any act or omission, it is meant that IHL's officers, directors, vice presidents, agents, servants or employees committed such acts or omissions and that at the time such act, commission or omission was committed, it was done with the full authorization, ratification or approval of IHL or was it [sic] done in the routine normal course and scope of employment of IHL officers, directors, vice presidents, agents, servants or employees unless otherwise stated in this Complaint." Compl. at ¶ 53.  In sum, she attempts to claim that broad groups of unspecified people took actions that caused her damages.  This is a problem in any case; it is particularly troubling where, as here, the decisions of which she complains were made by different boards three years apart.

The use of a "shotgun pleading" that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action" or that "asserts "multiple claims against multiple defendants without specifying which of the defendants

---

paragraphs include a reference to the interim appointment (¶ 49), the State Defendants include this ground for dismissal out of an abundance of caution.

12

are responsible for which acts or omissions, or which of the defendants the claim is brought against" cannot pass muster. *Thomas v. Univ. of Miss.*, 3:18-CV-62-GHD-RP (N.D. Miss. Dec. 17, 2018) (quoting *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1321-23 (11th Cir. 2015)). Accordingly, Mays Jackson's complaint must be dismissed.

## V.
## CONCLUSION

Mays Jackson's claims against the State Defendants are subject to the immunity protections of the Eleventh Amendment and, therefore, must be dismissed. Because IHL is not a "person" pursuant to Section 1983, her claim against it must be dismissed for this additional reason. Moreover, to the extent her claim is based upon any alleged actions that took place before November 16, 2020, including Hudson's appointment to the interim president position, the applicable statute of limitations prevents her from doing so. For these reasons and all those additionally set forth herein, Mays Jackson's claims against the State Defendants should be dismissed in their entirety.

The State Defendants further request that this matter be stayed pending a ruling on their motion. Alternatively, should the Court believe more facts are necessary to rule on their assertions of immunity, the State Defendants request a stay of proceedings and an order allowing limited discovery to resolve any such factual issues.

Dated:  April 1, 2024

        Respectfully Submitted,

        MISSISSIPPI BOARD OF TRUSTEES OF STATE INSTITUTIONS OF HIGHER LEARNING, TOM DUFF, IN HIS OFFICIAL CAPACITY, STEVEN CUNNINGHAM, IN HIS OFFICIAL CAPACITY, BRUCE MARTIN, IN HIS OFFICIAL CAPACITY, JEANNE CARTER LUCKEY, IN HER OFFICIAL CAPACITY, GEE OGLETREE, IN HIS OFFICIAL CAPACITY, HAL PARKER, IN HIS OFFICIAL CAPACITY, J. WALT STARR, IN HIS OFFICIAL CAPACITY, ALFRED MCNAIR, IN HIS OFFICIAL CAPACITY, GLENN MCCULLOUGH, IN HIS OFFICIAL CAPACITY, SHANE HOOPER, IN HIS OFFICIAL CAPACITY, FORD DYE, IN HIS OFFICIAL CAPACITY, and ALFRED RANKINS JR., IN HIS OFFICIAL CAPACITY

By:    /s/ Ashlyn B. Matthews
       Ashlyn B. Matthews
       Miss. Bar No. 104424
       amatthews@winfieldlawfirm.com
       Charles E. Winfield
       Miss. Bar No. 10588
       cwinfield@winfieldlawfirm.com
       THE WINFIELD LAW FIRM, P.A.
       224 East Main Street
       Post Office Box 80281
       Starkville, Mississippi 39759
       Telephone:  (662) 323-3984
       Facsimile:  (662) 323-3920

## CERTIFICATE OF SERVICE

I hereby certify that on this date I electronically filed the foregoing with the Clerk of the Court using the ECF system, which sent notification of such filing to the following:

>Lisa M. Ross
>lross@lmrossatlaw.com
>
>Pope S. Mallette
>pmallette@mayomallette.com
>
>John Andrew Mauldin
>dmauldin@maymallette.com

Dated:  April 1, 2024

>/s/  Ashlyn B. Matthews
>Ashlyn B. Matthews