IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**DEBRA MAYS JACKSON**                                                                                          **PLAINTIFF**

**VS.**                                                               **CAUSE NO. 3:23-cv-3095-KHJ-MTP**

**TOM DUFF, et. al.**                                                                                          **DEFENDANTS**

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO
THE MOTION TO DISMISS OF THE MISSISSIPPI BOARD OF TRUSTEES OF
STATE INSTITUTIONS OF HIGHER LEARNING AND INDIVIDUALLY NAMED
DEFENDANTS IN THEIR OFFICIAL CAPACITIES**

**COMES NOW**, Plaintiff Debra Mays Jackson, by and through her counsel of record, and files this her Memorandum of Law in Opposition to the Motion to Dismiss of the Mississippi Board of Trustees of State Institutions of Higher Learning and Individually Named Defendants in their Official Capacities and in support thereof, would show unto the Court the following:

**1.   FACTUAL BACKGROUND/INTRODUCTION**

Miss. Code Ann. § 37-101-15(f) authorizes the Board of Trustees of State Institutions of Higher Learning to select the presidents of Mississippi's eight public universities.[1] On November 19, 2020, Steven Cunningham, Tom Duff, Ford Dye, Shane Hooper, Ann H. Lamar, Jeanne Carter Luckey, Bruce Martin, Alfred McNair, Chip Morgan, Gee Ogletree, Hal Parker, and J. Walt Starr (hereinafter, also "individually named defendants") were members of the Institution of Higher Learning ("IHL") Board of Trustees. Doc. #: 11-1, pg. 1 of 48, Doc. #: 11-2, pg. 1.  On November 16, 2023, Ormella Cummings, Teresa Hubbard, and Gregg Rader along with the individually named defendants listed above, excluding Ann L. Lamar, Ford Dye and Shane Hooper, constituted the IHL board.  Doc. #: 11-2, p. 1 of 41, p. 29 of 41.  Alfred Rankins, Jr. ("Rankins") was the IHL

---

[1]   Miss. Code Ann. § 37-101-1.

1

Commissioner on November 19, 2020 and November 16, 2023.[2] Doc. #: 11-1, pg. 1 of 48, Doc. #: 11-2, pg. 1.

On November 19, 2020, Steven Cunningham, Tom Duff, Ford Dye, Shane Hooper, Ann H. Lamar, Jeanne Carter Luckey, Bruce Martin, Alfred McNair, Chip Morgan, Gee Ogletree, Hal Parker, J. Walt Starr voted to name Thomas Hudson ("Hudson") President of Jackson State University ("JSU") without posting the position. Doc. #: 11-1, p. 1 of 48 and p. 35 of 48. Hudson is a male. Mays Jackson, a female, who was JSU's chief of staff at the time of Hudson's selection, was clearly better qualified than Hudson when Rankins recommended that the individually named defendants select Hudson to serve as the 12th President of JSU. Doc. #: 9, ¶ 27.

In March of 2023, Hudson stepped down as the 12th President of JSU. On November 16, 2023, the individually named board members, excluding Ann Lamar, Ford Dye and Shane Hooper, tapped Marcus L. Thompson ("Thompson"), a male, as the 13th President of JSU. Doc. #: 11-2, p. 1 of 41, p. 29 of 41. Mays Jackson was clearly better qualified than Thompson when the individually named defendants voted to hire him on the recommendation of Rankins.

Aggrieved Mays Jackson filed this lawsuit asserting that IHL and the individually named defendants in their official capacities discriminated against her on account of her sex in violation of the Equal Protection Clause of the Fourteenth Amendment through 42 U.S.C. § 1983 when Steven Cunningham, Tom Duff, Ford Dye, Shane Hooper, Ann H. Lamar, Jeanne Carter Luckey, Bruce Martin, Alfred McNair, Chip Morgan, Gee Ogletree, Hal Parker, J. Walt Starr voted to hire Hudson in 2020 and when Steven Cunningham, Tom Duff, Jeanne Carter Luckey, Bruce Martin, Alfred McNair, Chip Morgan, Gee Ogletree, Hal Parker, J. Walt Starr, Ormella Cummings, Teresa Hubbard, and Gregg Rader hired Thompson to replace Hudson as President in 2023.

---

[2]    See Miss. Code Ann. § 37-101-7.

IHL and the individually named defendants now urge this Court to dismiss Mays Jackson's claims against them under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Mays Jackson concedes the Eleventh Amendment precludes her § 1983 claim for money damages against IHL and the individually named defendants in their official capacities. Mays Jackson, however, maintains that the *Ex Parte Young* doctrine does not bar her claim for prospective injunctive relief, namely instatement, against the individually named defendants in their official capacities. See *Mackey v. Pigott*, 2023 U.S. Dist. LEXIS 203471, *7-8 (S.D. Miss. Nov. 14, 2023).

## STANDARD OF REVIEW

a. *Rule 12(b)(1)*

A federal court properly dismisses a case for lack of subject matter jurisdiction when it lacks the statutory or constitutional power to adjudicate the case. *Home Builders Ass'n v. City of Madison*, 142 F.3d 1006, 1010 (5th Cir. 1998). "When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). On a Rule 12(b)(1) motion to dismiss, the Court will accept all "well pleaded allegations in the complaint as true" and "construe those allegations in the light most favorable to the plaintiff." *Truman v. United States*, 26 F.3d 592, 594 (5th Cir. 1994). The party asserting jurisdiction bears the burden of proof for a 12(b)(1) motion to dismiss. *Ramming*, 281 F.3d at 161. In ruling on a Rule 12(b)(1) motion, the court may consider any one of the following: (1) the complaint alone; (2) the complaint plus undisputed facts evidenced in the record; or (3) the complaint, undisputed facts, and the court's resolution of disputed facts. *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008).

      b. *Rule 12(b)(6)*

The Supreme Court has explained that a complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its fact." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L.Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L.Ed. 2d 929 (2007) (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663. A legally sufficient complaint must establish more than a "sheer possibility" that the plaintiff's claim is true. *Iqbal*, 556 U.S. at 678-79. It need not contain detailed factual allegations, but it must go beyond labels, legal conclusions, or formulaic recitations of the elements of a cause of action. *Twombly*, 550 U.S. at 555.

In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the [nonmovant]." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). A legally sufficient complaint must establish more than a "sheer possibility" that the plaintiff's claim is true. *Iqbal*, 556 U.S. at 678-79.

Applying the standard of review, this Court should grant Mays Jackson's claims for money damages against IHL and deny the motion to dismiss of the individually named defendants on Mays Jackson's claim for instatement.

# ARGUMENT

## MAYS JACKSON'S CLAIM FOR PROSPECTIVE INJUNCTIVE RELIEF IS NOT BARRED BY THE ELEVENTH AMENDMENT

Mays Jackson is entitled to prospective injunctive relief under 42 U.S.C. § 1983 from the individually named defendants in their official capacities because she has sufficiently pled her sex discrimination claim and the Eleventh Amendment immunity does not bar her claim for prospective injunctive relief, specifically instatement, against the individually named defendants in their official capacities for their presidential selections in 2020 and 2023. A state official may be sued in his or her official capacity under § 1983, but only for prospective injunctive relief. *Mackey v. Pigott*, 2023 U.S. Dist. LEXIS 203471, *7-8 (S.D. Miss. Nov. 14, 2023). This is because "official-capacity actions for prospective relief are not treated as actions against the State." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 n. 10 (1989).

Mays Jackson concedes IHL is an arm of the State of Mississippi, her lawsuit against the individually named defendants in their official capacities for money damages is a lawsuit against IHL, and her claims for money damages against IHL and the individually named defendants in their official capacities are barred by the Eleventh Amendment. *Mackey v. Pigott*, 2023 U.S. Dist. LEXIS 203471, *7-8 (S.D. Miss. Nov. 14, 2023). The individually named defendants in their official capacities also argue they are entitled to dismissal of Mays Jackson's claim for prospective injunctive relief, namely instatement. Mays Jackson disagrees.

In the motion to dismiss of the individually named defendants in their official capacities, they acknowledge the *Ex Parte Young* doctrine may apply to them but contend *Ex Parte Young* in inapplicable here because Mays Jackson cannot establish an ongoing violation of federal law. Doc. #: 14, p. 9 of 15. That is precisely what the individually named defendants in their official

5

capacities argued in *Mackey v. Pigott*, 2023 U.S. Dist. LEXIS 203471, *7-8 (S.D. Miss. Nov. 14, 2023). The district court in *Mackey* held that "relief that serves directly to bring an end to a present violation of federal law is not barred by the Eleventh Amendment even though accompanied by a substantial ancillary effect on the state treasury." Id. at *9-10 (citing *Milliken v. Bradley*, 433 U.S. 267, 289-90, 97 S. Ct. 2749, 53 L. Ed. 2d 745 (1977); *Edelman v. Jordan*, 415 U.S. 651, 668, 94 S. Ct. 1347, 39 L. Ed. 2d 662 (1974)).

In *Mackey,* the district judge explained: "[i]n the public employment context, the Fifth Circuit `has always treated *Ex parte Young* as an appropriate vehicle for pursuing reinstatement to a previous job.'" *Mackey*, 2023 U.S. Dist. LEXIS 203471, at *10 (citing *Nelson v. Univ. of Tex. At Dall.*, 535 F.3d 318, 323-24 (5th Cir. 2008); *Warnock v. Pecos County*, 88 F.3d 341, 343 (5th Cir. 1996)). As in *Mackey*, the question here is "… whether the Court should treat [Mays Jackson's] prayer for instatement the same as the Fifth Circuit would treat a reinstatement claim under *Ex Parte Young* and <u>Nelson</u>." 2023 U.S. Dist. LEXIS 203471, at *11-12. In *Mackey*, the district court pointed out that "[n]either the Fifth Circuit nor any other appear to have resolved that point." Id. (citing *Smith v. Sec'y of Dept' of Env't Prot. Of Penn.*, 540 F. App'x 80, 82 (3d Cir. 2013). Like Mackey, Mays Jackson acknowledges the lack of authority but directs the Court to district courts that have treated instatement like reinstatement under *Ex Parte Young*. *Simpson v. State*, No. 4:13-CV-01450-SGC, 2016 U.S. Dist. LEXIS 27191, 2016 WL 820946, at * 7 (N.D. Ala. Jam. 15, 2016) *report and recommendation adopted in part sub nom. Simpson v. State of Ala. Dep't of Hum. Res.,* 2016 U.S. Dist. LEXIS 26086, 2016 WL 808116 (N.D. Al. Mar. 2, 2016).

In *Mackey*, the district court noted "not all cases reach the same conclusion." 2023 U.S. Dist. LEXIS 203471, at *12. The district court summed it up this way: "If given a blank slate,

6

this Court might find that a failure to promote is a discrete act with no ongoing violation.  But if reinstatement addresses an ongoing violation, then reinstatement seems to as well; both involve discrete decisions that leave someone without the desired job." Id. at *12-13.  Consequently, the district court in *Mackey* decided to follow "those courts treating instatement and reinstatement the same" and denied the defendants' motion to dismiss Mackey's instatement claim. Id.  While the district court's decision in *Mackey* is not binding on this Court, it is instructive on the issue of whether Mays Jackson has alleged a discrete act, as the individually named defendants in their official capacities contend, or an ongoing violation of federal law as Mays Jackson argue.   This Court should follow the district court's decision in *Mackey* and hold Mays Jackson has alleged an ongoing violation of federal law.

In an effort to skirt liability, the individually named defendants in their official capacities urge this Court to find that it lacks the authority "to remove JSU's current President and instate Mays Jackson as the JSU President instead." Doc. #: 14, p. 9 of 15.  The individually named defendants in their official capacities say, "the Supreme Court has cautioned against the use of a remedy that `bumps' one employee from a position in order to fill it with the [alleged] victim of discrimination." Doc. #: 14, p. 9 of 15. *Walsdorf v. Board of Com'rs for the East Jefferson Levee Dist.*, 857 F.2d 1047, 1054 (5th Cir. 1988) citing *Firefighters v. Stotts*, 467 U.S. 561, 579 (1983).

The individually named defendants in their official capacities also cite *Huang v. Huang*, 846 Fed. App'x 224, 230-231 (5th Cir. 2021) for the proposition that "the Fifth Circuit Court of Appeals has indicated its agreement that such a request is not within the Court's power to grant." Doc. #: 14, p. 10 of 15.   In *Huang*, the Fifth Circuit agreed with the district court that Huang did not plead "facts that allow us to draw a reasonable inference that he was discriminated against

7

due to his membership in a protected class." 846 Fed. App'x at 232. Because the district court in *Huang* concluded that he failed to properly plead his Fourteenth Amendment Equal Protection claim, the Fifth Circuit correctly decided that ordering instatement was not within the power of the court to grant. That does not mean district courts in the Fifth Circuit lack the authority to order instatement merely because one employee would be bumped from a position in order to fill the position with the victim of discrimination.

In *Webster v. Bd. of Supervisors*, 2015 U.S. Dist. LEXIS 94674, *16 (E.D. La. July 21, 2015), the district court explained: "[e]ven if reinstatement would require displacement of an existing employee, reinstatement is not necessarily inappropriate…If the existence of a replacement constituted a complete defense against reinstatement, then reinstatement could be effectively blocked in every case merely by hiring an innocent third party after the retaliatory purpose was achieved. Thus, the deterrent effect of the remedy of reinstatement would be rendered a nullity." The *Webster* Court elaborated further: "while reinstatement may displace an innocent employee, the enforcement of constitutional rights may have disturbing consequences. Relief is not restricted to that which would be pleasing and free of irritation." Id.

That said, the Fifth Circuit has held that "except under extraordinary circumstances … innocent incumbent may not be displaced." Id. at *17. The very purpose of remedial measures in an unlawful employment discrimination case is to place persons unconstitutionally denied an opportunity or advantage in the position they would have occupied in the absence of the discrimination. *U.S. v. Virginia*, 518 U.S. 515, 547, 135 L.Ed.2d 735, 116 S. Ct. 2264 (1996). Because the individually named defendants in their officials capacities do not contend that Hudson and Thompson were innocent incumbents, this Court should deny their motion to dismiss Mays Jackson's claim for prospective injunctive relief, namely instatement.

8

## **MAYS JACKSON'S CLAIMS ARE NOT BARRED**
## **BY THE STATUTE OF LIMITATIONS**

Mays Jackson's 1983 sex discrimination claims under the Equal Protection Clause are based on the decisions the individually named defendants in their official capacities made on November 19, 2020 and November 16, 2023.  "In an action brought under 1983, a federal court must apply the statute of limitations the forum state provides."  *Culley v. W. Bolivar Consol. Sch. Dist.*, 2023 U.S. Dist. LEXIS 135762, *24 (N.D. Miss., Aug. 4, 2023).  "The relevant limitations period in Mississippi is three years from the day the cause of action accrues."  Id. (quoting *Cuviller v. Sullivan*, 503 F.3d 397, 401 (5th Cir. 2007).  Mays Jackson filed her 1983 sex discrimination claims on November 17, 2023.  Hudson was named President on November 19, 2023.  This Court should find that Hudson's selection as President was the starting point for the statute of limitations.  Mays Jackson filed this action two days before the statute of limitations expired.  Therefore, this Court should find Mays Jackson's claim premised on the November 19, 2020 selection of Hudson as JSU's 12th President is not barred by the three-year statute of limitations.  Similarly, this Court should find that Mays Jackson's claims against the individually named defendants in their official capacities pertaining to their November 16, 2023 selection of Thompson are well within the three-year statute of limitations.

## **MAYS JACKSON DID NOT RELY ON CONCLUSORY PLEADINGS**

The Fifth Circuit Court of Appeals requires Plaintiffs to plead "sufficient factual matter … to state a claim that is plausible on its face."  *Mackey v. Miss. Community College Board*, 2023 U.S. Dist. LEXIS 203471, *6 (S.D. Miss., Nov. 14, 2023) citing *Bosarge v. Miss. Bureau of Narcotics*, 769 F.3d 435, 439 (5th Cir. 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).  "A complaint `does not need detailed factual allegations,' but

9

the facts alleged `must be enough to raise a right to relief above the speculative level.'" *Spano v. Whole Foods, Inc.*, 65 F.4th 260, 262 (5th Cir. April 14, 2023).

"For this inquiry, `court[s] accept `all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Mackey*, 2023 U.S. Dist. LEXIS 203471, *5-6 (citing *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)(quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999). Courts "do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (quoting *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). Thus, "courts are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Ultimately, the standard "`simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements." *In re S. Scrap Material Co., LLC*, 541 F.3d 584, 587 (5th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

In *Mackey*, the district judge wrote: "[s]hotgun pleadings come in different flavors, but the `quintessential shotgun pleading' 'fails to distinguish between the actions of named defendants.'" 2023 U.S. Dist. LEXIS 203471, *13. Contrary to the contention of the individually named defendants in their official capacities, Mays Jackson has met her pleading requirements to state a valid § 1983 claim the individual defendants and IHL Commissioner Rankins for sex discrimination in violation of the Equal Protection Clause of the Fourteenth Amendment of the U.S. Constitution.

"To establish § 1983 liability, [a plaintiff] must show '(1) a deprivation of a right secured by federal law (2) that occurred under color of state law, and (3) was caused by a state actor."

10

*Roberson v. McDonald Transit Assocs.*, 574 Fed. Appx. 323, 326-27(5th Cir. 2014) (quoting *Victoria W. v. Larpenter*, 369 F.3d 475, 482 (5th Cir. 2004)).  The individual defendants wrongfully argue Mays Jackson "asserts multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against. Doc. #: 14, p. 12-13.  Mays Jackson alleged "each of the defendants named in their individual and official capacities voted to name Hudson…"  In *Mackey*, the Plaintiff sued the individual board members who voted to hire Kell Smith as the executive director of the Mississippi Community College Board ("MCCB").  *Mackey*, 2023 U.S. Dist. LEXIS 203471, at *3-4.  The district judge found that Mackey did not use shotgun pleadings.  Id. at *14.

    Like the board members of the MCCB, the IHL board members "placed a singular vote to elect a candidate less qualified than" Mays Jackson.  Id.  The district judge found "because each Defendant cast a vote for Smith, Mackey has plausibly shown that they were `either personally involved in the deprivation or that [their] wrongful actions were causally connected to the deprivation."  Id.

    In the instant case, Mays Jackson, a female, alleges that Steven Cunningham, Tom Duff, Ford Dye, Shane Hooper, Jeanne Carter Luckey, Bruce Martin, Alfred McNair, Chip Morgan, Gee Ogletree, Hal Parker, and J. Walt Starr placed a singular vote to hire Hudson, a male, who was clearly less qualified than she was for the President's post.  In addition, Mays Jackson alleges that Ormella Cummings, Steven Cunningham, Tom Duff, Teresa Hubbard, Jeanne Carter Luckey, Bruce Martin, Chip Morgan, Gee Ogletree, Hal Parker, J. Gregg Rader and J. Walt Starr casted a singular vote to hire Thompson, a male, as JSU's 13th President.  In addition, Mays Jackson

contends that Rankins recommended Hudson and Thompson even though he knew she was clearly better qualified than her male counterparts.

Because Mays Jackson alleged that each of the individual defendants cast a vote for Hudson and Thompson and that Rankins recommended males less qualified than Mays Jackson, Mays Jackson has plausibly shown that they were `\either personally involved in the deprivation or that [their] wrongful actions were causally connected to the deprivation. Consequently, this Court should find, Mays Jackson did not rely on conclusory pleadings.

## CONCLUSION

For the reasons stated above, Mays Jackson respectfully requests that this Court deny the individually named defendants in their official capacities' Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) or 12(b)(6).

**RESPECTFULLY SUBMITTED**, this the 6th day of May 2024.

                                        **DEBRA MAYS JACKSON**

BY:  /s/ Lisa M. Ross
Lisa M. Ross (MSB 9755)
Post Office Box 11264
Jackson, MS 39283-1264
Telephone: (601) 981-7900
lross@lmross@law.com

**ATTORNEY FOR DEBRA MAYS JACKSON**

## CERTIFICATE OF SERVICE

I, Lisa M. Ross, do hereby certify that I have this day filed the above-and-foregoing document via the Court's ECF system, which provided an electronic copy of same to all counsel of record.

This the 6th day of April, 2024.

*/s/ Lisa M, Ross*
Lisa M. Ross