IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

DEBRA MAYS JACKSON                                                                                    PLAINTIFF

VS.                                                        CIVIL ACTION NO. 3:23-cv-03095-KHJ-MTP

TOM DUFF, IN HIS INDIVIDUAL
AND OFFICIAL CAPACITIES, STEVEN
CUNNINGHAM, IN HIS INDIVIDUAL AND OFFICIAL
CAPACITIES, BRUCE MARTIN, IN HIS INDIVIDUAL
AND OFFICIAL CAPACITIES, JEANNE CARTER,
IN HER INDIVIDUAL AND OFFICIAL CAPACITIES,
CHIP MORGAN, IN HIS INDIVIDUAL AND OFFICIAL
CAPACITIES, GEE OGLETREE, IN HIS INDIVIDUAL
AND OFFICIAL CAPACITIES, HAL PARKER, IN HIS
INDIVIDUAL AND OFFICIAL CAPACITIES, J. WALT
STARR, IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES,
ALFRED MCNAIR, IN HIS INDIVIDUAL AND
OFFICIAL CAPACITIES, GLENN MCCULLOUGH, IN HIS
INDIVIDUAL AND OFFICIAL CAPACITIES, SHANE HOOPER,
IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES, FORD DYE,
IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES,
ALFRED RANKINS, JR., IN HIS INDIVIDUAL AND
OFFICIAL CAPACITIES, MISSISSIPPI INSTITUTION
OF HIGHER LEARNING, AND JOHN DOES 1-12                                           DEFENDANTS

### INDIVIDUAL DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO AMEND COMPLAINT

Plaintiff claims she recently "received a right to sue letter from the Equal Employment Opportunity Commission" and therefore "seeks to amend her Complaint to add a claim for sex discrimination and retaliation against the Board of Trustees of State Institutions under Title VII of the Civil Rights Act of 1965." Pl.'s Mtn. pl. 2 [Doc. 28]. Plaintiff further argues she should not be required to file a memorandum in support of her motion as required by the Local Uniform Rules due to the straightforward nature of her motion. *Id*. The clear implication of Plaintiff's motion was that her amendment would be limited to addressing her Title VII claims following the issuance of the right to sue letter.

In actuality, Plaintiff seeks a wholesale abandonment and restatement of much of her original (and already much-amended) complaint, adding additional defendants and claims for relief, all without articulating why such amendments should be allowed or how they address the arguments previously urged by the Individual Defendants and the State Defendants in their Motions to Dismiss. The Individual Defendants do not object to Plaintiff's request to amend for the limited purpose of adding her new Title VII claims against the IHL Board, but oppose the wholesale amended complaint proposed by Plaintiff, which includes additional defendants, causes of action, and assertions not disclosed or identified in her motion for leave.

Under Rule 15(a), a party may amend its pleading once as a matter of course within 21 days after service of an opposing party's motion under Rule 12(b). FED. R. CIV. P. 15(a)(1)(B). In all other cases, "a party may amend its pleading only with the opposing party's written consent or the court's leave." *Id*. While Rule 15 dictates that the Court "should freely give leave when justice so requires" and "evinces a bias in favor of granting leaving to amend," the grant of leave is not automatic. *Henly v. Biloxi H.M.A., LLC*, 2023 U.S. Dist. LEXIS 192206, *5 (S.D. Miss. Jul. 10, 2023).

> In evaluating a request for leave to amend, the Court should consider:
>
> [W]hether permitting the amendment would cause undue delay in the proceedings or undue prejudice to the nonmoving party, whether the movant is acting in bad faith or with a dilatory motive, or whether the movant has previously failed to cure deficiencies in his pleadings by prior amendments. The court may weigh in the movant's favor any prejudice that might arise from denial of leave to amend. In keeping with the purposes of the rule, the court should consider judicial economy and whether the amendments would lead to expeditious disposition of the merits of the litigation. Finally, the court should consider whether the amendment adds substance to the original allegations, and whether it is germane to the original case of action.

*Id*. (quoting *Chitimacha Tribe of La. v. Harry L.L. Co*., 690 F.2d 1157, 1163 (5th Cir. 1982).

Here, Plaintiff has already amended her complaint three times, either as a matter of course or with Defendants' consent. *See* Compl. [Doc. 1], Sec. Am. Compl. [Doc. 2], Third Am. Compl. [Doc. 9]. At best, Plaintiff's effort at a fourth amendment is dilatory, and all but admits through her current effort to amend that she previously failed to cure deficiencies in her pleadings by prior amendments. The Individual Defendants and the State Defendants filed their respective Motions to Dismiss as to Plaintiff's Third Amended Complaint on April 1, 2024 [Docs. 11 and 13], and have had to re-evaluate Plaintiff's shifting claims multiple times already. Plaintiff did not amend as a matter of course within twenty-one days of the Motions to Dismiss, and instead opted to respond in opposition to the motions. The parties fully briefed those Motions to Dismiss, and they are now ripe for ruling. Plaintiff then declined to seek consent for the requested amendment, instead opting to file a motion requesting the Court's leave.[1]

Despite Plaintiff's burden to show why amendment should be allowed, she offered no argument in support of her request. While she asserts that she seeks amendment to add a claim for sex discrimination and retaliation after receipt of a right to sue letter,[2] her motion fails to disclose or address the addition of new individual defendants and new causes of action asserted against the Individual Defendants in the proposed pleading. *See* Proposed Fourth Am. Compl. pp. 3-4, 17-19 [Doc. 28-1]. While the Individual Defendants would not oppose a limited amendment for the purpose of adding her Title VII claims as described in her motion, the Court should require Plaintiff to articulate why leave should be granted to include the additional changes not referenced in her motion to leave.

---

[1] Plaintiff has also filed a separate action asserting her Title VII claims against the Board of Trustees of State Institutions of Higher Learning. *See Mays Jackson v. Board of Trustees of the Institutions of Higher Learning*; 3:24-CV-308-KHJ-MTP.
[2] Plaintiff's right to sue letter was issued February 28, 2024, well before Plaintiff responded to the Motions to Dismiss. *See* [Doc. 28-2].

3

THIS, the 6th day of June 2024.

                    TOM DUFF, STEVEN CUNNINGHAM, BRUCE MARTIN, JEANNE CARTER LUCKEY, CHIP MORGAN, GEE OGLETREE, HAL PARKER, J. WALT STARR, ALFRED MCNAIR, JR., GLENN MCCULLOUGH, SHANE HOOPER, FORD DYE, and ALFRED RANKINS, JR., ALL IN THEIR INDIVIDUAL CAPACITIES

                    */s/ J. Andrew Mauldin*
                    POPE S. MALLETTE (MB NO. 9836)
                    J. ANDREW MAULDIN (MB NO. 104227)
                    *Attorneys for the Individual Defendants*

OF COUNSEL:

MAYO MALLETTE PLLC
2094 Old Taylor Road, Suite 200
Oxford, Mississippi 38655
Tel: (662) 236-0055 | Fax: (662) 236-0035
*pmallette@mayomallette.com*
*dmauldin@mayomallette.com*